UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **FREDERICK ROBERT SPEARMAN**, | 4:15-20758 |
| Petitioner, | HON. TERRENCE G. BERG |
| v. | |
| **UNITED STATES OF AMERICA**, | **ORDER DENYING MOTION FOR HABEAS RELIEF** |
| Respondent. | |

Petitioner Frederick Robert Spearman pled guilty to armed bank robbery with forced accompaniment and possession of a firearm while committing a crime of violence. He was sentenced by this Court in 2016 to serve 200 months in the custody of the Bureau of Prisons and is now again before the Court on a motion to vacate, correct, or modify that sentence under 28 U.S.C. § 2255. Petitioner asserts that his offense should not be considered a crime of violence for purposes of the Armed Career Criminal Act, 18 U.S.C. § 924(c). He further claims that sentencing counsel was ineffective in failing to object to the sentencing enhancement mandated by § 924(c) and that he was denied procedural due process when this Court allegedly failed to consider the mandatory minimum in deciding on an appropriate sentence. For reasons described below, the Court will dismiss with prejudice Petitioner's claims for

1

ineffective assistance of counsel and due process violations because they are procedurally barred. The Court will also deny with prejudice on the merits his claim for sentencing relief under *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) and *United States v. Davis*, 139 S. Ct. 2319 (2019).[1]

## BACKGROUND

Petitioner pled guilty to armed bank robbery, 18 U.S.C. § 2113(b), armed bank robbery with forced accompaniment, 18 U.S.C. § 2113(d), (e), and possession of a firearm during or in relation to a crime of violence, 18 U.S.C. § 924(c), a provision of the Armed Career Criminal Act ("ACCA"). Consequently, he was sentenced on June 23, 2016 to serve 140 months on the armed robbery counts and 60 months on the firearm count, to run consecutively for a total sentence of 200 months' imprisonment. *See* ECF No. 26 (Judgment). More than one year later, on August 30, 2017, Petitioner filed an untimely motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 asserting claims for ineffective assistance of counsel and violation of his rights under the Fifth Amendment's Due Process Clause. *See* ECF No. 27. The Court subsequently issued an amended judgment correcting a clerical error in the original judgment concerning the date on which Petitioner's sentence

---

[1] Petitioner did not expressly raise *Davis* in his amended habeas petition as that case was decided after he filed the motion. But because the Court considers *Davis* an extension of the Supreme Court's reasoning in *Dimaya*, which Petitioner *does* raise, it will consider whether Petitioner is entitled to sentencing relief under both *Dimaya* and *Davis*.

2

was to begin. *See* ECF No. 33 (Am. Judgment); Fed. R. Crim. P. 36; ECF No. 34 (Court's Feb. 13, 2018 Order). The Court never adjudicated Petitioner's first § 2255 motion on the merits. Instead, after entering the amended judgment, the Court denied the motion as moot and instructed Petitioner to refile it by January 17, 2019 if he wished the Court to consider it on the merits. ECF No. 34. Consistent with those instructions, Petitioner filed a second § 2255 motion on October 24, 2018 reasserting claims for ineffective assistance of counsel and violation of due process and raising a new argument about the potential impact of *Dimaya* on his sentence. ECF No. 38. The Court construes the second-filed § 2255 petition as a motion to amend the original petition, which was never adjudicated on its merits. A motion to amend is not a second and successive § 2255 application when it is filed before the initial § 2255 application is adjudicated on the merits. *See Clark v. United States*, 764 F.3d 653, 658 (6th Cir. 2014). Accordingly, Petitioner did not require permission from the Sixth Circuit to file the habeas petition now before the Court. *See* 28 U.S.C. § 2255(h); § 2244(b)(3)(A).

## DISCUSSION

A prisoner serving a sentence imposed by a federal court may challenge that sentence under 28 U.S.C. § 2255 "upon the ground that [it] was imposed in violation of the Constitution or laws of the United States . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or

3

is otherwise subject to collateral attack." As relief, the prisoner may move the court which imposed the sentence to correct, vacate, or set it aside. The law is clear that "§ 2255 claims that do not assert a constitutional or jurisdictional error are generally cognizable only if they involve 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Snider v. United States*, 908 F.3d 183, 189 (6th Cir. 2018) (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974) (internal quotations omitted)). This standard is met only in exceptional circumstances; not every alleged error of law can be raised on a § 2255 motion. *Hill v. United States*, 368 U.S. 424, 428 (1962); *Davis*, 417 U.S. at 346.

### A. Petitioner's ineffective assistance of counsel and due process claims are time-barred and his arguments concerning the Sentencing Guidelines and *Dean* are unavailing.

Petitioner's claims for ineffective assistance of counsel and violation of his rights under the Fifth Amendment's Due Process Clause are not timely because they should have been raised before the one-year statute of limitations governing his § 2255 application expired on July 8, 2017. 28 U.S.C. § 2255(f). The amended judgment issued to correct a clerical error in the original judgment did not reset the one-year statute of limitations; Petitioner's ineffective assistance of counsel and due process claims are procedurally barred.

The one-year statute of limitations applicable to § 2255 motions begins to run from one of four dates: the date the judgment of conviction became final; the date on which the right asserted was initially recognized by the Supreme Court and made retroactive; the date unconstitutional impediments to the prisoner's ability to file the motion for sentencing relief were removed; or the date on which the facts supporting the petitioner's claims could have been discovered through the exercise of due diligence—whichever is latest. *See* 28 U.S.C. § 2255(f). Here, Petitioner's ineffective assistance and due process claims are not based on any newly recognized right, nor does he allege any unconstitutional impediment to his ability to file those claims. Similarly, he makes no assertion that these claims are based on evidence not previously available. Accordingly, the one-year statute of limitations for his ineffective assistance of counsel and due process claims began to run on the date his conviction became final.

Generally, a conviction becomes final upon completion of direct review. *Johnson v. United States*, 457 F. App'x 462, 464 (6th Cir. 2012). Where, as here, a federal criminal defendant does not appeal his conviction, the judgment becomes final when the time during which he could have appealed expires, which is 14 days after the entry of judgment, or July 8, 2016. *See* Fed. R. App. P. 4(b)(1). Petitioner's one-year statute of limitations accordingly would have expired on July 8, 2017, one year after the date his judgment of conviction became final. But Petitioner did

5

not file his initial § 2255 motion until August 30, 2017, six weeks after the statute of limitations had already run. *See* ECF No. 27. Those claims are therefore procedurally defaulted.

The amended judgment did not reset the one-year statute of limitations governing Petitioner's § 2255 claims. In *Magwood v. Patterson*, 561 U.S. 320, 341–42 (2010), the Supreme Court observed that "where . . . there is a new judgment intervening between the two habeas petitions, . . . an application challenging the resulting new judgment is not 'second or successive' at all" and therefore does not require permission from the appellate court to file. (internal quotations omitted). The Sixth Circuit has interpreted this to mean that entry of a new judgment or sentence "normally resets the statute of limitations clock." *King v. Morgan*, 807 F.3d 154, 159 (6th Cir. 2015). But not all amended judgments reset the clock. An amended judgment that "merely correct[s] a record to accurately reflect the court's actions . . . would not be a new sentence that resets the statute of limitations under § 2244(d)(1)(A)." *Crangle v. Kelly*, 838 F.3d 673, 680 (6th Cir. 2016); *see In re Stansell*, 828 F.3d 412, 420 (6th Cir. 2016) (explaining that where an amended judgment is issued simply to correct a clerical error, the corrected entry should not be considered a new judgment for § 2255 purposes); *Marmolejos v. United States*, 789 F.3d 66 (2d Cir. 2015) ("We conclude that an amended judgment merely correcting errors that were clerical does not constitute a 'new judgment'). Accordingly, the amended

6

judgment issued in Petitioner's case, which merely corrected a clerical mistake pursuant to Rule 36 of the Federal Rules of Criminal Procedure, did not reset the statute of limitations on Petitioner's § 2255 motion. Because the one-year period Petitioner had to file his § 2255 motion on the ineffective assistance of counsel and due process violations expired on July 8, 2017, Petitioner's original § 2255 motion was not filed until that statute of limitations had expired, and the amended judgment did not restart the statute of limitations, those claims are procedurally barred.

Besides, as set forth in the government's brief, Petitioner would not be entitled to sentencing relief even if his due process claim was timely. His use of a firearm was not, as Petitioner urges, "double-counted" under the United States Sentencing Guidelines because he was convicted of two armed bank robberies and the weapon enhancement was applied only to one while the other bank robbery formed the basis of the 18 U.S.C. § 924(c) conviction. This is consistent with the Sentencing Guidelines, which instruct that "if a defendant is convicted of two armed bank robberies, but is convicted under 18 U.S.C. § 924(c) in connection with only one of the robberies, a weapon enhancement would apply to the bank robbery which was not the basis for the 18 U.S.C. § 924(c) conviction." U.S.S.G. § 2K2.4, App. Note 4. Plaintiff's sentence was therefore appropriate under the Sentencing Guidelines.

Similarly, even if his due process claim was timely, Petitioner would not be entitled to sentencing relief under *Dean v. United States*, 137 S. Ct. 1170, 1176–77 (2017). As an initial matter, the Supreme Court in that case held that § 924(c) does not prevent a sentencing court from considering the mandatory minimum imposed by § 924(c) when calculating a defendant's overall sentence. But *Dean* does not *require* that a sentencing court consider that mandatory minimum in crafting an appropriate sentence for the predicate offenses. *United States v. Johnson*, 702 F. App'x 349, 363 (6th Cir. 2017), *cert. denied*, 138 S. Ct. 1591 (2018). Additionally, several courts in this district have held that *Dean* is not retroactively applicable to cases on collateral review. *See, e.g., Whitsell v. United States*, No. 17-cv-12691, 2018 WL 317869 (E.D. Mich. Jan. 8, 2018); *United States v. Clark*, No. 2:14-cr-20199, 2018 WL 3207975 (E.D. Mich. June 29, 2018); *Simmons v. Terris*, No. 17-cv-11771, 2017 WL 3017536 (E.D. Mich. Jul. 17, 2017). Accordingly, Petitioner cannot obtain relief under *Dean*.

**B. Petitioner is not entitled to sentencing relief under *Dimaya* and *Davis*.**

In his amended § 2255 motion, Petitioner asserts that he is entitled to sentencing relief under the Supreme Court's 2018 ruling in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). In addition, although it was issued after Petitioner filed his amended § 2255 motion, the Court will also consider whether Petitioner is entitled to relief in light of the Supreme Court's

8

more recent decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). *Davis* invalidated the residual clause definition of a "crime of violence" contained in 18 U.S.C. § 924(c)(3)(B). But in Petitioner's case his crime of conviction also fits within the elements clause of § 924(c)(3)(A) because it "has an as an element the use, attempted use, or threatened use of physical force" and accordingly meets the definition for a crime of violence contained in that section. He is therefore not entitled to correction, modification, or vacatur of his sentence based on these recent Supreme Court decisions.

Although the one-year statute of limitations governing § 2255 motions most frequently begins to run on the date the judgment of conviction became final, 28 U.S.C. § 2255(f)(1), when the Supreme Court newly recognizes a right and makes that right retroactively applicable to cases on collateral review, a new statute of limitations is triggered. *See* 28 U.S.C. § 2255(f)(3). That new statute of limitations begins to run on the date of the relevant Supreme Court decision. In *Dimaya*, the Supreme Court, relying on its earlier decision in *Johnson v. United* States, 135 S. Ct. 2551 (2015), determined that the residual clause's definition of "crime of violence" contained in § 16(b) of the Immigration and Nationality Act was unconstitutionally vague. 138 S. Ct. at 1210. Although the language defining "crime of violence" contained in 18 U.S.C. § 16(b) and that of 18 U.S.C. § 924(c)(3)(B) is largely identical, *Dimaya* addressed only § 16(b). Subsequently, however, in *United States v. Davis*, 139 S. Ct. 2319 (2019),

the Supreme Court, building on *Dimaya*, struck down ACCA's residual clause, § 924(c)(3)(B), on the same grounds of unconstitutional vagueness. Because Petitioner was not sentenced under the Immigration and Nationality Act, his reliance on *Dimaya* is misplaced.[2] But *Davis*, because it involved ACCA—the same statute Petitioner was convicted under—clearly applies to the issues raised in the petition.

Although the Sixth Circuit has not yet stated whether it considers *Davis* to have announced a new rule of constitutional law that is retroactively applicable to cases on collateral review, several other circuits have found that it does. *See, e.g., In re Hammoud*, 931 F.3d 1032 (11th Cir. 2019); *United States v. Reece*, F.3d , 2019 WL 4252238 (5th Cir. Sep. 9, 2019); *United States v. Bowen*, 936 F.3d 1091 (10th Cir. 2019). Additionally, because *Davis* was decided on June 24, 2019 any claim he asserts under the new rule established by that case is timely.

Petitioner was convicted under 18 U.S.C. § 924(c), which prohibits possession of a firearm during commission of or in relation to a crime of violence. That statute, as applied to Petitioner, carries a mandatory minimum sentence of five years. 18 U.S.C. § 924(c)(1)(A). Section 924(c) defines "crime of violence" as a felony that: "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial

---

[2] The Court acknowledges that Petitioner filed his amended § 2255 motion within one year of the Supreme Court's April 17, 2018 decision in *Dimaya*.

risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* The first clause is commonly referred to as the elements clause while the second is known as the residual clause. *United States v. Jackson.* 918 F.3d 467, 485 (6th Cir. 2019).

Critically, *Dimaya* and *Davis* do not warrant sentencing relief in Petitioner's case because his offense of conviction meets the definition of a crime of violence under the elements clause of § 924(c)(3)(A), which has not been invalidated. Again, the elements clause includes under the definition of "crime of violence" any felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Here, Petitioner pled guilty to bank robbery in violation of 18 U.S.C. § 2113(b) and § 2113(d), (e), which govern bank robberies during which the defendant "assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device" or "kills any person, or forces any person to accompany him without the consent of such person" during the course of the robbery. It is well established that bank robbery under 18 U.S.C. § 2113(d) qualifies as a crime of violence under the elements clause of § 924(c)(3)(A). *See United States v. Johnson*, 899 F.3d 191, 203–04 (3d Cir. 2018) (applying the categorical approach to determine that a conviction under § 2113(d) qualifies as a crime of violence because assaulting someone or putting a life in jeopardy by use of a dangerous

11

weapon fulfills the "use, attempted use, or threatened use of physical force" requirement of the elements clause), *cert. denied*, 139 S. Ct. 647 (2018); *United States v. Watson*, 881 F.3d 782, 786 (9th Cir. 2018) (per curiam) ("Because bank robbery 'by force and violence, or by intimidation' is a crime of violence, so too is armed bank robbery."), *cert. denied*, 139 S. Ct. 203 (2018); *United States v. Lloyd*, 741 F. App'x 570, 573 (10th Cir. 2018) (same, collecting cases), *cert. denied*, 139 S. Ct. 1167 (2019); *see also United States v. Jackson*, 918 F.3d 467, 485 (6th Cir. 2019) (finding that carjacking by intimidation, which uses language identical to that of § 2113(a), is a crime of violence under the elements clause); *United States v. Henry*, 722 F. App'x 496 (6th Cir. 2018) (determining that bank robbery by intimidation under § 2113(a) constitutes a crime of violence under the elements clause), *cert. denied*, 139 S. Ct. 70 (2018). Because Petitioner's offense constitutes a crime of violence under the elements clause of § 924(c)(3)(A), the fact that *Davis* invalidated the residual clause contained in § 924(c)(3)(B) does not affect his sentence. Accordingly, he is not entitled to correction, modification, or vacatur of his sentence.

## CONCLUSION

For these reasons, Petitioner Frederick Robert Spearman's petition for sentencing relief under 28 U.S.C. § 2255 is **DENIED.**


Dated: October 24, 2019        s/Terrence G. Berg
                                                TERRENCE G. BERG
                                                UNITED STATES DISTRICT JUDGE